# EXHIBIT

# 4

Case 3:07-cr-00559-JSW    Document 13-5    Filed 09/20/2007    Page 1 of 4

**EXHIBIT 4**

1  SCOTT N. SCHOOLS (SCSBN 9990)
   United States Attorney
2
   BRIAN J. STRETCH (CASBN 163973)
3  Chief, Criminal Division

4  ALLISON MARSTON DANNER (CASBN 195046)
   Assistant United States Attorney
5
   450 Golden Gate Avenue, Box 36055
6  San Francisco, California 94102
   Telephone: (415) 436-7144
7  Fax: (415) 436-7234
   Email: allison.danner@usdoj.gov
8
   Attorneys for the United States
9

10
                    UNITED STATES DISTRICT COURT
11
                   NORTHERN DISTRICT OF CALIFORNIA
12
                         SAN FRANCISCO DIVISION
13

14
   UNITED STATES OF AMERICA,       )   No. CR-07-0559-JSW
15                                  )
          Plaintiff,                )   DECLARATION OF OFFICER MICHAEL
16                                  )   P. KONIARIS IN SUPPORT OF UNITED
       v.                           )   STATES' OPPOSITION TO
17                                  )   DEFENDANT'S MOTION TO EXCLUDE
   MICHAEL YOUNG,                   )   EVIDENCE
18                                  )
          Defendant.                )
19  _____ )

20       I, Michael P. Koniaris, declare:

21       1. I have personal knowledge of the facts set forth below, except as to those matters stated

22  on information and belief which I am informed and believe to be true. If called as a witness, I

23  could and would testify competently to the facts stated in this declaration.

24       2. I am an officer with the San Francisco Police Department, assigned to the Tenderloin

25  Station. I have served in this position for the past seven years and have been a police officer for

26  nine years.

27       3. On August 5 and 6, 2007, I was working a "10-b" (overtime) assignment at the Hilton

28
   DECLARATION OF MICHAEL KONIARIS
   [CR 07-0559 JSW]

1  Hotel San Francisco, located at 333 O'Farrell Street in San Francisco, California. I was assigned
2  to exterior patrol. At approximately 12:30am on August 6, 2007, I was contacted by Hilton
3  security. They told me to come inside the hotel. Roger Hicks, Hilton Security Supervisor, told
4  me to detain an individual who was sitting in the lobby. Hicks informed me that he believed that
5  the person had committed a burglary in the hotel from the room of another guest.

6      4.  I asked the individual his name, and he told me it was Michael Young. I asked him for
7  his driver's license, which he gave to me. Michael Young was with another person in the lobby.
8  Young asked me if the person who was with him could go. Roger Hicks told me that the other
9  person had just arrived at the hotel and that he was not involved. I told the other person he was
10 free to go. I went outside to conduct a "warrants and identification" check, which indicated that
11 Michael Young had been arrested for numerous felonies and misdemeanors. I went back into the
12 lobby and spoke with Michael Young. I asked him if he had ever been to prison, and he told me
13 that he had. We discussed other topics, including family matters, for approximately twenty or
14 thirty minutes while I was waiting for Roger Hicks to give me further instructions. We were
15 sitting in the hotel lobby during this entire conversation.

16     5.  At no time during this period was I informed that Young had a gun, and I did not search
17 him. Young was not handcuffed during our conversation.

18     6.  Roger Hicks then informed me that a gun had been found in Young's room. Hicks and I
19 and some other security guards took Young to the Hilton security office, where I searched Young
20 for weapons and handcuffed him to a bench in the office.

21     7.  I called my Sergeant and advised him of the situation. He informed me that I could not
22 enter Young's hotel room to search it but that Hilton security staff could enter a guest's room. I
23 told Hicks that I could not enter Young's room to search it.

24     8.  I went up to room 13575 with Roger Hicks and Dirk Carr, another security officer at the
25 Hilton. Either Hicks or Carr opened the door to room 13575 and left it open. I waited outside in
26 the hallway. I could see into the room from the hallway.

27     9.  I saw Roger Hicks take a backpack out of the closet in room 13575 and put it on the bed.
28

DECLARATION OF MICHAEL KONIARIS
[CR 07-0559 JSW]

2

1  Hicks then unzipped the front pocket of the backpack. From the hallway, I could see the gun
2  inside the front pocket of the backpack.
3      10. I entered the room. I took possession of the backpack, which contained the gun.
4      11. At no time did I ask Hicks or Carr to show me the gun or to unzip the backpack.
5      12. I then went downstairs and arrested Young, because I believed that he was a felon in
6  possession of a gun.
7      I declare under penalty of perjury, according to the laws of the United States, that the
8  foregoing is true and correct to the best of my recollection and belief. Executed this _19_ day of
9  September, 2007 at San Francisco, California.

    _____
    MICHAEL P. KONIARIS

DECLARATION OF MICHAEL KONIARIS
[CR 07-0559 JSW]

3