SCOTT N. SCHOOLS (SC 9990)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

ALLISON MARSTON DANNER (CSBN 195046)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7144
    FAX: (415) 436-7234
    Email:allison.danner@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br> v. <br> MICHAEL YOUNG, <br>     Defendant. | No. CR 07-0559 JSW <br><br> UNITED STATES' SURREPLY TO MOTION TO SUPPRESS IN LIGHT OF NEWLY DISCOVERED EVIDENCE <br><br> Date: October 25, 2007 <br> Time: 2:30 p.m. <br> The Honorable Jeffrey S. White |

    On September 6, 2007, defendant filed a motion to suppress the loaded firearm found in his hotel room. On September 20, 2007, the United States filed its opposition to the motion to suppress. Defendant filed his reply one week later. In that reply, defendant contended that the cases involving hotel rooms cited by the United States in its opposition were inapposite because Mr. Young "procured the room through honest means." (Defendant's Reply at 5.) Defendant provided no factual support for this assertion, which he made for the first time in his reply.

    At the time it filed its brief in opposition, the United States believed–but had not yet established–that the credit card used by Mr. Young to rent the room at the Hilton had been stolen.

1  The defendant's central contention in his reply that he had "paid for the room lawfully"
2  (Defendant's Reply at 6), renders the circumstances surrounding the credit card potentially
3  important to this Court's disposition of defendant's motion.
4      After receiving defendant's reply, the United States conducted additional investigation
5  into the nature of the credit card used by Michael Young.[1] The information received pursuant to
6  the subpoena issued to Travelocity revealed that the reservation for Young's hotel room was
7  made using a credit card belonging to an individual living in The Villages, Florida. (Travelocity,
8  Booking Information and Credit Card Request, MY 127-28, attached as Exhibit A to the
9  Declaration of Allison Danner (under seal).) The original information provided by Travelocity
10 did not include the individual's credit card number. On October 17, 2007, Travelocity provided
11 supplemental information that included the actual credit card number used to book Young's
12 room. (Travelocity, Credit Card Information, MY 145, attached as Exhibit B to the Declaration
13 of Allison Danner (under seal)). From this credit card number, the United States learned that the
14 issuing bank for the individual's credit card was Citizen's First Bank. On October 18, 2007,
15 SFPD Inspector Michael Hamilton contacted Citizen's First Bank and inquired about the status
16 of this credit card. Citizen's First Bank disclosed that, on October 16, 2007, the individuals
17 whose credit card number had been used by Michael Young had filed an affidavit of fraud listing
18 an unauthorized payment on August 5, 2007 to Travelocity Hotel Reservations in the amount of
19 $1,348.60.[2] (Letter and Affidavit of Fraud, MY 136-138, attached as Exhibit C to the
20 Declaration of Allison Danner (under seal)). This dollar amount listed in the affidavit is
21 identical to the amount that Travelocity reported had been charged to the credit card with which
22 Michael Young booked the room. (Travelocity, Booking Information, MY127.) According to
23 the affidavit, the credit card number and security code had been used without permission by a

---

[1] The Hilton Hotel did not have the relevant credit card number on file, because Young's room had been booked through Travelocity. In such cases, Travelocity uses its own credit card to prebook the rooms and Travelocity charges the credit card of the individual making the reservations.

[2] The timing of the affidavit has no connection to the above-captioned case.

1  person unknown to the individuals, although the actual credit card never left their possession.
2  (Letter, MY 136.)
3        The government has not yet been able to determine how the credit card issued to the
4  individuals was used by Michael Young to rent two rooms at the Hilton Hotel on August 5, 2007.
5  At the very least, the evidence reveals that Young did not "procure the rooms through honest
6  means."
7        The United States notes that there is no indication that Hilton was aware of the fraudulent
8  nature of the credit card used by Michael Young. Instead, Hilton evicted Young from his hotel
9  room based its belief that Young had stolen belongings from another guest and because it had
10 found a gun in his room. While the checkbooks belonging to multiple people in Young's
11 backpack found by Hilton security certainly suggested that Young was involved in some kind of
12 fraud, the Hilton did not pursue this question in the late hours of August 5, 2007.
13       That Young's fraud initially went undetected does not convert his illegitimate presence in
14 room 13575 into a space somehow protected by the Fourth Amendment. Whether a defendant
15 has a Fourth Amendment privacy interest depends upon whether he had "a legitimate expectation
16 of privacy in the invaded place." *Rakas v. Illinois*, 439 U.S. 128, 143 (1978) (citing *Katz v.
17 United States*, 389 U.S. 347, 353, 88 (1967)). The defendant bears the burden of demonstrating
18 that a search violated his legitimate expectation of privacy. *United States v. Silva*, 247 F.3d
19 1051, 1055 (9th Cir. 2001).
20       An individual who has no legitimate right to be present in the relevant place does not
21 enjoy the Fourth Amendment's protections. *Rakas,* 439 U.S. at 141 n.9 (noting that the
22 exclusionary rule "would of course not avail those who, by virtue of their wrongful presence,
23 cannot invoke the privacy of the premises searched"). As the *Rakas* court noted: "a 'legitimate'
24 expectation of privacy by definition means more than a subjective expectation of not being
25 discovered. A burglar plying his trade in a summer cabin during the off season might have a
26 thoroughly justified subjective expectation of privacy, but it is not one which the law recognizes
27 as 'legitimate.' His presence . . . is 'wrongful;' his expectation is not one that society is prepared
28 to recognize as 'reasonable." *Rakas*, 439 U.S. at 143 n. 12.

|   |   |
|---|---|
| 1 | The Ninth Circuit has quoted this language from *Rakas* with approval in a case involving the discovery of contraband at a hotel. "The fact that to some degree the hotel temporarily succumbed to [a defendant's] fraud, by accepting the [stolen credit] card, does not alter the answer to the question of whether he was legitimately on the premises." *United States v. Cunag*, 386 F.3d 888, 894 (2004). Young does not have a legitimate expectation of privacy in a room rented with a credit card that he did not have permission to use. |

For the reasons articulated in the United States' Opposition to Defendant's Motion to Suppress filed on September 20, Michael Young had no legitimate expectation of privacy in either the hotel room or in the backpack when Office Koniaris entered room 13575 of the Hilton Hotel and seized the backpack and gun. This conclusion is the appropriate one no matter what additional weight the Court assigns to the fraudulent credit card. In fact, under the reasoning articulated in *Rakas* and *Cunag*, the discovery that the credit card used by Michael Young to procure the room had been fraudulently obtained reveals that he never had a legitimate expectation of privacy in the room at all. For the foregoing reasons, the United States respectfully requests that the Court deny the defendant's motion to suppress the firearm in this case.

DATED: October 19, 2007

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

ALLISON MARSTON DANNER
Assistant United States Attorney

UNITED STATES' SURREPLY
CR07-0559 JSW                                4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the office of the United States Attorney, Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned certifies that she caused copies of

**UNITED STATES' APPLICATION TO SEAL DECLARATION OF ALLISON DANNER AND ACCOMPANYING EXHIBITS**
**UNDER SEAL**

**SEALING ORDER**
**UNDER SEAL**

**DECLARATION OF ALLISON DANNER**
**UNDER SEAL**

**ORDER TO ALLOW FILING OF SURREPLY AND RELATED PAPERS**

**MOTION TO ALLOW FILING SURREPLY AND RELATED PAPERS**

**UNITED STATE'S SURREPLY TO MOTION TO SUPPRESS IN LIGHT OF NEWLY DISCOVERED EVIDENCE**

in the case of **UNITED STATES V. MICHAEL YOUNG, CR 07-0559 JSW** to be served on the parties in this action, by placing a true copy thereof in a sealed envelope, addressed as follows which is the last known address:

**Elizabeth Falk, Esq.**
**Federal Public Defender's Office**
**450 Golden Gate Avenue**
**San Francisco, CA 94102**

__X__ (By Personal Service), I caused such envelope to be delivered by hand to the person or offices of each addressee(s) above.

_____ (By Facsimile), I caused each such document to be sent by Facsimile to the person or offices of each addressee(s) above.

_____ (By Mail), I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Francisco, California.

_____ (By Fed Ex), I caused each such envelope to be delivered by FED EX to the address listed above.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 19, 2007

/s/
RAWATY YIM
United States Attorney's Office