1  BARRY J. PORTMAN
   Federal Public Defender
2  ELIZABETH M. FALK
   Assistant Federal Public Defender
3  19th Floor Federal Building
   450 Golden Gate Avenue
4  San Francisco, CA 94102
   (415) 436-7700
5
   Counsel for Defendant MICHAEL YOUNG
6

7
                    IN THE UNITED STATES DISTRICT COURT
8
                FOR THE NORTHERN DISTRICT OF CALIFORNIA
9

10
   UNITED STATES OF AMERICA,            )    No. CR 07-559 JSW
11                                       )
                       Plaintiff,        )    **DEFENDANT'S RESPONSE TO**
12                                       )    **GOVERNMENT SUR-REPLY**
                                         )    **MEMORANDUM IN SUPPORT OF**
13        v.                             )    **MOTION TO SUPPRESS**
                                         )
14                                       )    Date:  October 25, 2007
   MICHAEL YOUNG,                        )    Time:  2:30 p.m.
15                                       )    Court: The Honorable Jeffrey S. White
                       Defendant.        )
16  _____ )

17

18

19

20

21

22

23

24

25

26

1  BARRY J. PORTMAN
   Federal Public Defender
2  ELIZABETH M. FALK
   Assistant Federal Public Defender
3  19th Floor Federal Building
   450 Golden Gate Avenue
4  San Francisco, CA 94102
   (415) 436-7700
5
   Counsel for Defendant MICHAEL YOUNG
6

7

8                    IN THE UNITED STATES DISTRICT COURT

9               FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

   UNITED STATES OF AMERICA,           )     No. CR 07-559 JSW
11                                      )
                   Plaintiff,           )     **DEFENDANT'S RESPONSE TO**
12                                      )     **GOVERNMENT SUR-REPLY**
                                        )     **MEMORANDUM IN SUPPORT OF**
13       v.                             )     **MOTION TO SUPPRESS**
                                        )
14                                      )     Date:  October 25, 2007
   MICHAEL YOUNG,                       )     Time:  2:30 p.m.
15                                      )     Court: The Honorable Jeffrey S. White
                   Defendant.           )
16  _____)

17

18       On October 22, 2007, this Court ordered a response from defendant Michael Young to the

19  government's sur-reply, filed October 19, 2007.  The order directed Mr. Young to address two

20  questions.  First, does use of an allegedly stolen credit card negate a reasonable expectation of

21  privacy in a hotel room; second, does the fact that the police and/or hotel staff did not know that

22  the credit card was stolen affect the reasonable expectation of privacy calculus in the instant

23  case?

24  **I.    ANSWER TO QUESTION ONE: NO**

25       The answer to the first question is no.  In *United States v. Bautista*, 362 F.3d 584, 589-

26  590 (9th Cir. 2004), the Ninth Circuit determined that use of a fraudulent credit card did not

CR- 07-559 JSW; *United States v. Young*
Sur-Sur Reply: Suppress Fruits of Search            1

1  affect the defendant's reasonable expectation of privacy in his hotel room.  There, as in the

2  instant case, "neither the motel manager nor the police knew whether Bautista had obtained the

3  room by fraud." *Id.* at 591.  Because "no cause for ejection had been developed, Bautista still

4  had two days remaining on his reservation, and the motel had taken no affirmative steps to

5  repossess the room", the Ninth Circuit determined that Bautista "still had the right to exclude

6  others from the room, as well as a 'legitimate expectation of privacy by virtue of his right to

7  exclude.'" *Id.* (citing *Rakas v. Illinois*, 439 U.S. 128, 143 n. 12 (1978)).  As such, in the Ninth

8  Circuit, use of a stolen credit card to rent a hotel room does not negate an occupant's reasonable

9  expectation of privacy in the room <u>unless</u> the stolen credit card is the basis for  hotel's eviction of

10  a lessee.  *See, e.g., United States v. Cunag*, 386 F.3d 888, 895 (9th Cir. 2004)("In the Ninth

11  Circuit, the rule is that even if the occupant of a hotel room has procured that room by fraud, the

12  occupant's protected Fourth Amendment expectation of privacy is not finally extinguished until

13  the hotel justifiably takes 'affirmative steps to repossess the room'")(citing *United States v.*

14  *Dorais*, 241 F.3d 1124, 1128 (9th Cir. 2001)).  The response to the Court's first question is

15  therefore no; use of an allegedly fraudulent credit card to rent a hotel room does not negate a

16  person's reasonable expectation of privacy in that hotel room.

17         **II.       ANSWER TO QUESTION TWO: NO; AS SUCH, THE GOVERNMENT'S
              SUR-REPLY IS LEGALLY IRRELEVANT TO THE COURT'S RULING**

18

19         The answer to the Court's second inquiry is also no.  Because the fraudulent nature of the

20  credit card was unknown to Hilton staff at the time the events occurred as described in

21  Defendant's motion, the credit card is irrelevant to the Court's ruling on Defendant's motion, and

22  does not impact the question of Mr. Young's standing.  The sur-reply filed by the government on

23  October 19, 2007 is therefore irrelevant to Defendant's motion, for the following reasons.

24         First, as previously established under *Bautista* and *Cunag*,  Mr. Young maintained a

25  reasonable expectation of privacy in the hotel room despite the fact that the hotel room was

26  allegedly rented using a stolen credit card.  As such, the question now before the Court is

CR- 07-559 JSW; *United States v. Young*
Sur-Sur Reply: Suppress Fruits of Search              2

1    whether or not staff members of the Hilton hotel took "justifiable affirmative actions" to

2    dispossess Mr. Young of his hotel room. *See Cunag*, 386 F.3d at 895 (stating that the rule in the

3    Ninth Circuit is that an occupant of a hotel room procured by fraud maintains an expectation of

4    privacy until the hotel "justifiably takes 'affirmative steps to repossess the room')(citing *Dorais*,

5    241 F.3d at 1128). Given the fact that the Hilton hotel staff did not have any knowledge of any

6    problems with the credit card used to procure the room, it could not have provided any basis at

7    the time for any "justifiable, affirmative steps" to remove Mr. Young from the room. As such,

8    from a Fourth Amendment perspective, the stolen credit card at issue in this case is legally

9    irrelevant to the Court's determination of standing.

10       In this vein, the facts of this case are different than that of *Cunag*, where the manager of

11   the hotel at issue discovered that the credit card used to rent the defendant's hotel room had a

12   "lock" on it that rendered it unavailable to pay for the hotel room. *Id.* at 890. <u>As a result of that</u>

13   <u>knowledge</u>, the hotel manager in that case locked the defendant out of the room. *Id.* In the

14   *Cunag* case, knowledge of the fraudulent credit card provided hotel staff with a justifiable basis

15   to take affirmative steps to dispossess defendant Cunag of the hotel room.

16       Here, in contrast, the credit card issue was not known to Hilton staff, and could not have

17   been the basis for the Hilton hotel staff members's decision to lock down Mr. Young's room.

18   For the purposes of this motion, defendant Young is therefore in the same position he was in

19   prior to the government's sur-reply. The legal question at issue is whether the Hilton hotel staff

20   extinguished Mr. Young's expectation of privacy on the night in question; to make this

21   determine, this Court must assess whether or not the Hilton hotel had *justifiable* cause, or took

22   *justifiable affirmative steps* to repossess the room based on the information *known to staff at the*

23   *time* the affirmative steps were taken. In other words, the "affirmative steps" the government

24   argues were taken by the hotel on the night in question cannot be justified on information that

25   was not known to the hotel at the time. Whether or not the credit card turned up as lost or stolen

26   months later is not relevant to the "justifiable affirmative steps" analysis.

1

2

### III.    THE COURT SHOULD GRANT MR. YOUNG'S MOTION OR, IN THE ALTERNATIVE, HOLD AN EVIDENTIARY HEARING

3

Mr. Young maintains that the Court can legally grant his motion without an evidentiary

4

hearing by holding that, in accordance with the policies of the Hilton hotel submitted with the

5

staff declarations and the facts contained therein, Mr. Young was not evicted at the time the

6

security guards conducted the second search of his hotel room.  The second search conducted by

7

the hotel staff was done at the behest of police, for the purpose of producing evidence for the

8

police to prosecute Mr. Young; as such, the hotel guards were acting as state agents.  Subsequent

9

searches of private residences by state actors are not applicable to the rule established by *United*

10

*States v. Jacobsen*, 466 U.S. 109 (1984).  The Court should accordingly suppress the evidence

11

obtained against Mr. Young at the Hilton hotel.

12

In the alternative, Mr. Young maintains that this Court should not deny his motion prior

13

to holding an evidentiary hearing.  The government has procured declarations from one Hilton

14

employee that allegedly, an eviction took place on the night in question.  However, this

15

declaration is belied by several facts also contained within the employee declarations, such as the

16

gun policy itself (which does not provide for automatic eviction upon discovery of a firearm), the

17

fact that no stolen items were discovered in Mr. Young's hotel room, the absence of any

18

"eviction" policy justifying the alleged "eviction", and the fact that all of Mr. Young's

19

belongings remained in the hotel room.   In each of the cases at issue, including *Bautista*, *Cunag*,

20

and *Dorais*, the district court held an evidentiary hearing to consider whether or not hotel

21

management took justifiable affirmative steps to dispossess the defendant at issue of his

22

expectation of privacy in the hotel room.  *See Bautista*, 362 F.3d at 588 n. 2 ("during the

23

suppression hearing, Officer Novitsky testified . . ."); *see also Cunag*, 386 F.3d at 894 ("during

24

the suppression hearing , through documentary evidence, declarations of the hotel manager, and

25

cross examination of Cunag himself . . ."); *see also Dorais*, 241 F.3d at 1127 ("the district court

26

held a three day evidentiary hearing").  Should the Court not grant Mr. Young's motion on the

CR- 07-559 JSW; *United States v. Young*
Sur-Sur Reply: Suppress Fruits of Search              4

1 | papers, the Court should hold an evidentiary hearing.

2 | **CONCLUSION**

3 | For the aforementioned reasons, defendant Michael Young respectfully requests the Court

4 | to grant his motion to suppress the evidence found against him at the Hilton hotel on August 5-6,

5 | 2007.

6 | Dated:          October 24, 2007

7 |

8 | Respectfully submitted,

9 | BARRY J. PORTMAN
Federal Public Defender

10 | /S/

11 |

12 | ELIZABETH M. FALK
Assistant Federal Public Defender